# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

ERIC SWINK,
ADC #161772                                                              PLAINTIFF

V.                              3:15CV00325 KGB/JTR

GREENE COUNTY SHERIFF'S OFFICE; and
DOES, Unknown Correctional Officers,
Greene County Sheriff's Office                                          DEFENDANTS


## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I.  Introduction

Plaintiff, Eric Swank, is a prisoner in the Greene County Detention Facility. He has filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights.  Pursuant to the screening function mandated by 28 U.S.C. §

-1-

1915A, the Court recommends that this case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

Plaintiff alleges that unknown correctional officers at the Greene County Sheriff's Office violated his constitutional rights by opening, outside of his presence, two letters that were sent to him by this Court in regard to *Swink v. Does;* 3:15CV00316 DPM, which is another *pro se* § 1983 action he has pending in this District. *Doc. 2.*

The Sixth Amendment right to counsel requires prison official to open privileged legal mail in an inmate's presence. *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974); *Beaulieu v. Ludeman*, 690 F.3d. 1017, 1037 (8th Cir. 2012).  In this respect, privileged legal  mail is narrowly defined as "mail to or from an inmate's attorney and identified as such." *Beaulieu,* 690 F.3d at 1037; *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).  Mail to and from a court does not fall under the narrow definition of privileged legal mail, and thus, may be opened outside of the inmate's

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

presence. *See Moore v. Rowley*, Case No. 04-1981, 2005 WL 677800 (8th Cir. Mar. 24, 2005) (unpublished opinion); *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987). Thus, Plaintiff has failed to state a viable Sixth Amendment claim.

The First Amendment unquestionably encompasses an inmate's right to access to the courts. *Johnson v. Avery,* 393 U.S. 483, 489-90 (1969). However, to plead a viable access to the courts claim, a prisoner must allege that he suffered an actual injury, which is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also Klinger v. Dept. of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997). Here, Plaintiff alleges that opening correspondence from the Court "*could* affect my stay here or case because my witnesses' names were on there." *Doc. 2 at 4* (emphasis added). Plaintiff's speculation of possible future harm does not constitute an actual injury necessary to support a First Amendment claim.[2]

Because Plaintiff has not pled any viable constitutional claims regarding the alleged opening of his Court mail, this case should be dismissed, without prejudice.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

---

[2] If Plaintiff later does, in fact, suffer an actual injury, he must *first* fully and properly exhausting all available administrative remedies in the Greene County Detention Center. *After* he has done so, Plaintiff may then file a *new* § 1983 action raising his access to the courts claim.

1.      This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.      Dismissal be counted as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 16th day of October, 2015.


_____
UNITED STATES MAGISTRATE JUDGE